UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO CAPITAL MARKETS, LTD. BROKERAGE CUSTOMER SECURITIES LITIGATION | 06 Civ. 643 (GEL) |
| VR GLOBAL PARTNERS, L.P., et al., Plaintiffs, v. PHILIP R. BENNETT, et al., Defendants. | 07 Civ. 8686 *Electronically Filed* |

**TONE GRANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS**

1840491.1

# TABLE OF CONTENTS

**Preliminary Statement** ................................................................................................................ 1

**Argument** ..................................................................................................................................... 1

I.   THE SECTION 10(B) AND RULE 10B-5 CLAIMS MUST BE DISMISSED
     AGAINST MR. GRANT. ................................................................................................... 1

  A.   Plaintiffs Cannot Establish That RCM Engaged in Deceptive Conduct ............................. 2

  B.   Plaintiffs Still Do Not Allege Mr. Grant Committed a Primary Violation. ........................ 2

     1.   The Complaints Do Not Identify Any Deceptive Act Mr. Grant
          Committed in Furtherance of the Alleged Scheme That Caused Their
          Losses ........................................................................................................... 2

     2.   Plaintiffs Do Not Attempt to Argue That They Relied on Any Conduct By
          Mr. Grant ...................................................................................................... 4

II.  COUNT II OF THE COMPLAINTS ALSO FAILS AS A MATTER OF LAW. ................. 5

III. COUNT III OF THE COMPLAINTS MUST BE DISMISSED BECAUSE
     PLAINTIFFS HAVE NOT ALLEGED A PRIMARY VIOLATION. ................................ 6

**Conclusion** ............................................................................................................................... 7

1840491.1

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Boguslavsky v. Kaplan*, 159 F.3d 715 (2d Cir. 1998) .................................................................. 6

*Burnett v. Rowzee*, No. SACV 07-0393 DOC,
    2008 WL 638503 (C.D. Cal. Feb. 11, 2008) ............................................................................ 5

*Gurfein v. Ameritrade, Inc.*, 411 F. Supp. 2d 416 (S.D.N.Y. 2006) ............................................... 3

*In re DVI Inc. Sec. Litig.*, No. 2:03-CV-05336-LDD,
    2008 WL 1900384 (E.D. Pa. Apr. 29, 2008) ........................................................................... 4

*In re Global Crossing, Ltd. Secs. Litig.*, 322 F. Supp. 2d 319 (S.D.N.Y. 2004) ............................. 3

*Katz v. Image Innovations Holdings, Inc.*, 542 F. Supp. 2d 269 (S.D.N.Y. 2008) ......................... 4

*Pugh v. Tribune Co.*, 521 F.3d 686 (7th Cir. 2008) ....................................................................... 4

*Stoneridge Inv. Partners LLC v. Scientific Atlanta, Inc.*, 128 S. Ct. 761 (2008) ........................ 4, 5

*Wellnx Life Science, Inc. v. Iovate Health Sciences Research, Inc.*, 516 F. Supp. 2d 270
    (S.D.N.Y. 2007) ........................................................................................................................ 3

**Preliminary Statement**

Defendant Tone Grant respectfully submits this reply memorandum of law in support of his motions to dismiss the complaints in *In re Refco Capital Markets, Ltd., Brokerage Customers Securities Litigation*, No. 06 Civ. 643 ("Class Compl.") and *VR Global Partners LP, et al., v. Phillip R. Bennett et al.,* No. 07 Civ. 8686 ("VR Compl.") (together, the "Complaints").

Plaintiffs' 126-page opposition brief cannot remedy the fatal flaws in the Complaints. Most fundamentally, the Section 10(b) and Rule 10b-5 claims fail because Plaintiffs have not alleged that they were deceived about RCM's practices with respect to its customers' securities. In addition, these claims fail as against Mr. Grant because the Complaints do not allege how he participated in the alleged scheme to convert their securities or how Plaintiffs relied on any of his actions.

Plaintiffs' claims under Rule 10b-16 are similarly defective. In the first place, no private right of action exists for violations of Rule 10b-16. Even if a cause of action existed, it could not be asserted against Mr. Grant, because he is not a broker-dealer, and he is not alleged to have participated in RCM's communications with its customers.

Finally, because Plaintiffs cannot prove a primary violation of either Rule 10b-5 or 10b-16, their control person claims must be dismissed.

**Argument**

I.   **THE SECTION 10(B) AND RULE 10B-5 CLAIMS MUST BE DISMISSED AGAINST MR. GRANT.**

Plaintiffs' Section 10(b) and Rule 10b-5 claims must be dismissed, because plaintiffs have failed to plead that RCM engaged in deceptive conduct. The claims against Mr. Grant fail

1

for the additional reason that Plaintiffs do not allege Mr. Grant committed a deceptive act in furtherance of the alleged scheme that caused their losses, or that they relied on any conduct attributable to Mr. Grant.

### A. Plaintiffs Cannot Establish That RCM Engaged in Deceptive Conduct.

Plaintiffs cannot state a claim under Section 10(b) and Rule 10b-5 because they have failed to plead that RCM's alleged use of their securities was deceptive. As shown in Section I of the TH Lee Defendants' Reply Memorandum of Law in Further Support of their Motion to Dismiss ("THL Reply"),[1] RCM's customer agreements permitted RCM to use customer securities under certain circumstances, and any use of customer accounts in contravention of these agreements would be a breach of contract, not actionable fraud. Plaintiffs cannot point to any misrepresentations by RCM outside of the customer agreements. *See* THL Reply § II. Nor can Plaintiffs state a Section 10(b) claim arising out of RCM's alleged failure to disclose its use of customer securities, because RCM owed no fiduciary duties to them. *See* THL Reply § III. In the absence of any deceptive conduct, Plaintiffs' Rule 10(b) claim fails and the Complaints must be dismissed.

### B. Plaintiffs Still Do Not Allege Mr. Grant Committed a Primary Violation.

#### 1. The Complaints Do Not Identify Any Deceptive Act Mr. Grant Committed in Furtherance of the Alleged Scheme That Caused Their Losses.

In their opposition brief, Plaintiffs make clear that they are not attempting to recover for misstatements or omissions pursuant to Rule 10b-5(b), but rely solely on a "scheme liability" theory under Rules 10b-5(a) and (c). *See* Plt. Mem. at 76-78. This claim fails against Mr. Grant because the Complaints do not allege that Mr. Grant committed a deceptive act in furtherance of

---

[1] Mr. Grant hereby adopts and incorporates by reference these arguments, as well as those asserted in Section I of the TH Lee defendants' opening brief.

2

the alleged scheme that Plaintiffs claim caused their losses. *See In re Global Crossing, Ltd. Sec. Litig.,* 322 F. Supp. 2d 319, 336 (S.D.N.Y. 2004) (stating that in order to state a claim under Rule 10b-5(a) and (c), plaintiff must allege that defendant "(1) committed a manipulative or deceptive act, (2) in furtherance of the alleged scheme to defraud, (3) scienter and (4) reliance"); *Gurfein v. Ameritrade, Inc.,* 411 F. Supp. 2d 416, 425 (S.D.N.Y. 2006) (same).

As explained in Mr. Grant's moving brief, the Complaints do not allege that Mr. Grant committed any act in furtherance of the alleged scheme to convert Plaintiffs' securities held at RCM. Grant Mem. at 8-11.[2] Plaintiffs claim that their securities "were fraudulently converted by RCM, at the direction of Bennett, Maggio, and Refco Senior Management." Class Compl. ¶ 107; VR Compl. ¶ 119. *See also* Class Compl. ¶ 105; VR Compl. ¶ 117 ("Refco senior management, including Defendants Maggio and Bennett, and other persons, acting on behalf of Refco Global Finance, RCC, and RGL…would direct Refco employees ... to sell" RCM customer securities). Plaintiffs do not claim Mr. Grant was an officer or director of RCM during the period in which they held securities at RCM, but allege that between 1999 and 2004, Mr. Grant had only an "indirect interest in Refco" as a shareholder of RGHI.[3] *See* Class Compl. ¶ 176; VP Compl. ¶ 267.

---

[2] The VR Plaintiffs allege that Mr. Grant participated in a second scheme, which they call the "RGHI scheme," that caused Refco's financial statements to be misleading. On April 17, 2008, Mr. Grant was convicted of criminal charges arising out of the acts underlying the RGHI scheme. As explained in Mr. Grant's opening brief, VR does not have standing to state a 10b-5 claim for alleged misstatements in RCM's or Refco's financials, because it did not purchase or sell securities of either company. *See* Grant Mem. at 11 n.3, 13. Similarly, Class Plaintiffs' allegations that Mr. Grant made false statements while President of RGL do not support its Rule 10b-5 claim. *See* Grant Mem. at 10 n. 2, 12 n. 4. *See also Id*. at 8-11.

[3] In their opposition brief, Plaintiffs now claim that Mr. Grant "direct[ed] the unauthorized sale of customer securities and the use of the proceeds to fund Refco's continuing operation…," but the complaint contains no such allegation, and the court should disregard it. See *Wellnx Life Science, Inc. v. Iovate Health Sciences Research, Inc.*, 516 F. Supp. 2d 270, 279 (S.D.N.Y. 2007) (observing that on motion to dismiss, "factual allegations made in the briefs [] are excluded from consideration by the Court").

3

### 2. Plaintiffs Do Not Attempt to Argue That They Relied on Any Conduct By Mr. Grant.

In addition, Plaintiffs do not respond to Mr. Grant's statements in his moving brief that the Section 10(b) claims against him must be dismissed for failure to allege reliance. *See* Grant Mem. at 12-13. "Reliance by the plaintiff upon the defendant's deceptive acts is an essential element of the § 10(b) private right of action." *Stoneridge Inv. Partners LLC v. Scientific Atlanta, Inc.,* 128 S. Ct. 761, 769 (2008). *Stoneridge* makes clear that a complaint alleging that a defendant was a "participant[] in a fraudulent scheme" must be dismissed if it does not "explain how the [defendant's] alleged actions…were relied upon" by plaintiffs. *Katz v. Image Innovations Holdings, Inc.,* 542 F. Supp. 2d 269, 272 (S.D.N.Y. 2008) (citing *Stoneridge*).

Following *Stoneridge*, courts have dismissed private Section 10(b) claims where plaintiffs could not establish reliance on a defendant's deceptive actions. In *Pugh v. Tribune Co.*, 521 F.3d 686, 697 (7th Cir. 2008), the Seventh Circuit upheld the dismissal of a Section 10(b) claim against a corporate insider and alleged "mastermind" of fraudulent scheme because the complaint contained no allegations that plaintiffs had knowledge of his deceptive acts. The insider in *Pugh* had pleaded guilty to criminal charges arising out of the scheme. *Id.* at 691 n.1. Similarly, in *In re DVI Inc. Sec. Litig.*, No. 2:03-CV-05336-LDD, 2008 WL 1900384 (E.D. Pa. Apr. 29, 2008), the court, citing *Stoneridge*, reject[ed] the argument that a defendant's "unique role in initiating and masterminding certain aspects of the overall scheme was sufficiently related to the injury suffered by [plaintiffs] as to satisfy the reliance element."

Plaintiffs attempt to distinguish *Stoneridge* by arguing that that case was a "classic Section 10(b) action involving misrepresentations," while Plaintiffs in these actions proceed on a scheme theory alone. Plt. Mem. at 77. But in *Stoneridge*, the Supreme Court made clear that even where a plaintiff alleges a deceptive act rather than a deceptive statement, an allegation of

4

"scheme liability" under Rule 10-b5(a) or (c) "does not answer the objection that [plaintiff] did not in fact rely upon [defendant's] own deceptive conduct." 128 S. Ct. at 769. In *Burnett v. Rowzee*, No. SACV 07-0393 DOC, 2008 WL 638503, at *6 (C.D. Cal. Feb. 11, 2008), the court found that an alleged "pitch man" in a Ponzi scheme could be liable for investments in the scheme that took place in reliance on transactions he conducted with individual investors. He could not, however, be liable for investments based solely on documents and presentations made by other individuals, because under *Stoneridge* his conduct was "too remote" from these transactions to incur primary liability. *Id.*

Here, as explained above, the Complaints do not allege a single deceptive act by Mr. Grant in furtherance of the alleged scheme to convert their securities. Nor do Plaintiffs allege that they had any conversations with Mr. Grant, read any documents prepared or signed by Mr. Grant, or had any interactions with Mr. Grant whatsoever. Plaintiffs' allegations concerning Mr. Grant are "too remote to satisfy the requirement of reliance." *Stoneridge*, 128 S. Ct. at 770. The Section 10(b) claims against Mr. Grant must therefore be dismissed.

## II.    COUNT II OF THE COMPLAINTS ALSO FAILS AS A MATTER OF LAW.

Plaintiffs' claims under Rule 10b-16 of the Exchange Act also fail as a matter of law. As shown in Section IV of Philip Silverman's Reply Memorandum of Law in Support of his Motion to Dismiss ("Silverman Reply")[4], these claims fail because there is no implied private right of action under Rule 10b-16, because Rule 10b-16 by its terms applies only to broker dealers, and because Plaintiffs' claims are in any event time-barred. *See* Silverman Reply § IV.

Moreover, plaintiffs do not respond to the point made in Mr. Grant's opening brief that even if a private cause of action under Rule 10b-16 exists and may be asserted against a non-

---

[4] Mr. Grant hereby adopts and incorporates these arguments by reference, as well as the arguments in Section II of Mr. Silverman's opening brief.

5

broker-dealer, no cause of action can lie against Mr. Grant, because none of RCM's alleged acts or omissions are attributable to him. *See* Grant Mem. at 14. Because Plaintiffs do not allege that Mr. Grant was an officer of RCM, that he communicated with RCM's customers, or that he participated in the drafting of RCM's communications with its customers, none of RCM's alleged omissions in its statements to customers may be attributed to him. Accordingly, Count II of the Complaints must be dismissed against Mr. Grant.

### III.   COUNT III OF THE COMPLAINTS MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT ALLEGED A PRIMARY VIOLATION.

Finally, as explained in Mr. Grant's opening brief, the control person claims asserted against him in Count III of the Complaints must be dismissed because Plaintiffs have failed to allege a primary violation of Section 10(b), Rule 10b-5, or Rule 10b-16. *See* Grant Mem. at 15 (citing *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998)).

6

1840491.1

**Conclusion**

For the foregoing reasons and the applicable reasons contained in Mr. Grant's opening brief and in co-defendants' memoranda in support of their Motions to Dismiss, the Court should dismiss the claims asserted against Tone Grant with prejudice.

Respectfully submitted,

Dated: June 9, 2008
      New York, New York      ZUCKERMAN SPAEDER LLP

s/ Norman L. Eisen
Norman L. Eisen (admitted *pro hac vice*)
Laura E. Neish (LN-0040)
1540 Broadway, Suite 1604
New York, New York 10036-4039
(212) 704-9600

-and-

HANNAFAN & HANNAFAN, LTD.
Blake T. Hannafan (admitted *pro hac vice*)
Michael T. Hannafan (admitted *pro hac vice*)
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601

Attorneys for Tone N. Grant

7

1840491.1