# Exhibit A

# REFCO CAPITAL MARKETS, LTD.
# MARGIN AGREEMENT

We are pleased to advise you that Refco Capital Markets, Ltd. ("Refco") is prepared to make available to you a facility for financing transactions from time to time in various financial instruments (including, without limitation, securities, equities, equity-related derivatives sovereign debt, LDC and distressed portfolios.) ("Transactions") as may be agreed between us, subject in all cases to the following standard terms and conditions which shall apply to each Transaction entered into on or after the date of your acceptance of this agreement (the "Agreement").

     1.    Except to the extent you have expressly authorized someone else to finance on your behalf and for your account, all Transactions entered into pursuant to this Agreement shall be initiated orally or in writing by you.

     2.    Refco reserves the right to require the deposit or maintenance of collateral (consisting of cash, United States government obligations or such other marketable securities or other property which may be acceptable to Refco) to secure performance of your obligations to Refco. Refco will advise you of the initial collateral requirement and of the amount of collateral required to be maintained from time to time. The initial collateral and other terms and conditions for your financing facility will be negotiated on a transaction by transaction basis. Such terms and conditions and collateral requirements may be changed from time to time by Refco with respect to both new and outstanding Transactions and Refco may value any non-cash collateral on any reasonable basis. To secure your obligations under Transactions entered into pursuant to this Agreement, you hereby grant to Refco a security interest in all of your securities and other property and the proceeds thereof from time to time in the possession or under the control of Refco. Refco shall have the right to pledge, hypothecate or otherwise use or dispose of such securities and other property until settlement in full of all Transactions entered into pursuant to this Agreement. Refco's sole obligation shall be to return to you such cash, securities and other property (or the cash value thereof in the event of any liquidation of collateral under paragraph 3 below) to the extent they are not deemed to be collateral to secure Transactions entered into pursuant to this Agreement with Refco or have not been applied against obligations owing by you to Refco, whether as a result of the liquidation of positions and any Transactions entered into pursuant to this Agreement or otherwise. Refco shall have all of the rights of a secured party with respect to all collateral.

     3.    If you (a) fail to honor a request for additional collateral, (b) default in the payment or performance of any other obligation to Refco, (c) become the subject of a bankruptcy, insolvency or other similar proceeding or (d) fail to pay your debts generally as they become due or (e) if Refco deems it reasonably necessary for its protection, then Refco may, in its discretion at any time or times thereafter and without notice, sell any and all property in any or all of your account(s) to offset any indebtedness in your account against any other account you may have and you shall be liable to Refco for any loss and costs sustained. Such purchases and sales may be public or private and may be made without notice or advertisement and in such manner as Refco may in its discretion determine. At any such sale or purchase, Refco may purchase or sell the property free of any right of redemption. If a default occurs or if Refco exercises its right to liquidate any of your open Transactions, Refco may, without limitation on its rights under this paragraph 3, set off amounts which you owe to it against any amounts which it owes to you (whether or not then due). You shall remain liable for any deficiency.

     4.    <u>Consent to Loan or Pledge of Securities.</u> To the extent permitted by applicable law and governmental regulations, all securities and other property deposited by you with Refco may be loaned, pledged, repledged, hypothecated or re-hypothecated by Refco separately or in common with other securities or any other property, for the sum due to Refco thereon or for a greater sum and without retaining in Refco's possession and control for delivery a like amount of a similar securities or other property.

5. <u>Costs of Collection</u>. In the event that Refco must employ counsel or a collection agency to collect any debit balance which you owe, you hereby authorize it to charge you for the reasonable costs of collection, including without limitation attorneys' fees, court costs and expenses whatsoever in nature incurred in effecting said collection.

6. <u>Law and Jurisdiction</u>. This Agreement shall be governed by, and construed in accordance with the lawd of the State of New York, United States of America without giving effect to conflict of laws provisions.

7. <u>Supplemental Terms</u>. The terms of this Agreement are in addition to the terms set forth in any confirmation issued by us.

8. <u>Acceptance</u>. Your signature on this Customer Agreement constitutes your agreement with and acceptance of this Agreement.

Very truly yours,

REFCO CAPITAL MARKETS, LTD.

By:_____

Date:_____

Accepted and agreed this __22__ day of __October__, 19__96__.

Customer: Investment and Development Finance Corp.

# REFCO CAPITAL MARKETS, LTD.
## MARGIN AGREEMENT

We are pleased to advise you that Refco Capital Markets, Ltd. ("Refco") is prepared to make available to you a facility for financing transactions from time to time in various financial instruments (including, without limitation, securities, equities, equity-related derivatives sovereign debt, LDC and distressed portfolios.) ("Transactions") as may be agreed between us, subject in all cases to the following standard terms and conditions which shall apply to each Transaction entered into on or after the date of your acceptance of this agreement (the "Agreement").

    1.    Except to the extent you have expressly authorized someone else to finance on your behalf and for your account, all Transactions entered into pursuant to this Agreement shall be initiated orally or in writing by you.

    2.    Refco reserves the right to require the deposit or maintenance of collateral (consisting of cash, United States government obligations or such other marketable securities or other property which may be acceptable to Refco) to secure performance of your obligations to Refco. Refco will advise you of the initial collateral requirement and of the amount of collateral required to be maintained from time to time. The initial collateral and other terms and conditions for your financing facility will be negotiated on a transaction by transaction basis. Such terms and conditions and collateral requirements may be changed from time to time by Refco with respect to both new and outstanding Transactions and Refco may value any non-cash collateral on any reasonable basis. To secure your obligations under Transactions entered into pursuant to this Agreement, you hereby grant to Refco a security interest in all of your securities and other property and the proceeds thereof from time to time in the possession or under the control of Refco. Refco shall have the right to pledge, hypothecate or otherwise use or dispose of such securities and other property until settlement in full of all Transactions entered into pursuant to this Agreement. Refco's sole obligation shall be to return to you such cash, securities and other property (or the cash value thereof in the event of any liquidation of collateral under paragraph 3 below) to the extent they are not deemed to be collateral to secure Transactions entered into pursuant to this Agreement with Refco or have not been applied against obligations owing by you to Refco, whether as a result of the liquidation of positions and any Transactions entered into pursuant to this Agreement or otherwise. Refco shall have all of the rights of a secured party with respect to all collateral.

    3.    If you (a) fail to honor a request for additional collateral, (b) default in the payment or performance of any other obligation to Refco, (c) become the subject of a bankruptcy, insolvency or other similar proceeding or (d) fail to pay your debts generally as they become due or (e) if Refco deems it reasonably necessary for its protection, then Refco may, in its discretion at any time or times thereafter and without notice, sell any and all property in any or all of your account(s) to offset any indebtedness in your account against any other account you may have and you shall be liable to Refco for any loss and costs sustained. Such purchases and sales may be public or private and may be made without notice or advertisement and in such manner as Refco may in its discretion determine. At any such sale or purchase, Refco may purchase or sell the property free of any right of redemption. If a default occurs or if Refco exercises its right to liquidate any of your open Transactions, Refco may, without limitation on its rights under this paragraph 3, set off amounts which you owe to it against any amounts which it owes to you (whether or not then due). You shall remain liable for any deficiency.

    4.    <u>Consent to Loan or Pledge of Securities.</u> To the extent permitted by applicable law and governmental regulations, all securities and other property deposited by you with Refco may be loaned, pledged, repledged, hypothecated or re-hypothecated by Refco separately or in common with other securities or any other property, for the sum due to Refco thereon or for a greater sum and without retaining in Refco's possession and control for delivery a like amount of a similar securities or other property.

REFCO CAPITAL MARKETS, LTD.

4

IDC 000026

5.  **Costs of Collection.** In the event that Refco must employ counsel or a collection agency to collect any debit balance which you owe, you hereby authorize it to charge you for the reasonable costs of collection, including without limitation attorneys' fees, court costs and expenses whatsoever in nature incurred in effecting said collection.

6.  **Law and Jurisdiction.** This Agreement shall be governed by, and construed in accordance with the laws of the State of New York, United States of America without giving effect to conflict of laws provisions.

7.  **Supplemental Terms.** The terms of this Agreement are in addition to the terms set forth in any confirmation issued by us.

8.  **Acceptance.** Your signature on this Customer Agreement constitutes your agreement with and acceptance of this Agreement.

Very truly yours,

REFCO CAPITAL MARKETS, LTD.

By: _____

Date: _____

Accepted and agreed this ___12th___ day of _FEBRAURY, 1998_.

Customer: ___IDC FINANCIAL, S. A.___ X ___[signature]___
JORGE MIGUEL FERNANDEZ
VICEPRESIDENT

REFCO CAPITAL MARKETS, LTD.

5

IDC 000027