**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/18/08

This Document Relates To:

| | |
|---|---|
| In re REFCO, INC. SECURITIES LITIGATION | 05 Civ. 8626 (GEL) |
| AMERICAN FINANCIAL INTERNATIONAL GROUP- ASIA, LLC, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>        Defendants. | 05 Civ. 8988 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>        Defendants. | 05 Civ. 9608 (GEL) |

[Caption continued on next page]

| | |
|---|---|
| In re REFCO CAPITAL MARKETS, LTD. BROKERAGE CUSTOMER SECURITIES LITIGATION | 06 Civ. 643 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>MAYER BROWN ROWE & MAW LLP, et al.,<br><br>                            Defendants. | 07 Civ. 6767 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>GRANT THORNTON LLP,<br><br>                        Defendants. | 07 Civ. 8663 (GEL) |
| AXIS REINSURANCE COMPANY,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>                            Defendants. | 07 Civ. 7924 (GEL) |

[Caption continued on next page]

| | |
|---|---|
| In re REFCO, INC. | 07 Civ. 9420 (GEL) |

| | |
|---|---|
| VR GLOBAL PARTNERS, L.P., et al., <br><br>       Plaintiffs, <br><br>   vs. <br><br> PHILLIP R. BENNETT, et al., <br><br>       Defendants. | 07 Civ. 8686 (GEL) |

| | |
|---|---|
| CAPITAL MANAGEMENT SELECT FUND LTD., et al., <br><br>       Plaintiffs, <br><br>   vs. <br><br> PHILLIP R. BENNETT, et al., <br><br>       Defendants. | 07 Civ. 8688 (GEL) |

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust, <br><br>       Plaintiffs, <br><br>   vs. <br><br> THOMAS H. LEE PARTNERS, L.P., et al., <br><br>       Defendants. | 07 Civ. 7074(GEL) |

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Private Action Trust,<br><br>        Plaintiffs,<br><br>  vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>          Defendants. | 07 Civ. 8165 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>        Plaintiffs,<br><br>  vs.<br><br>THOMAS HACKL, et al.,<br><br>          Defendants. | 07 Civ. 9238 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>        Plaintiffs,<br><br>  vs.<br><br>GRANT THORNTON, LLP, et al.,<br><br>          Defendants. | 07 Civ. 5306 (JFH) |

## AMENDED STIPULATION AND AGREED CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto,[1] through their undersigned counsel, that the following provisions of this Amended Stipulation and Agreed Confidentiality Order (the "Stipulation and Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information ("Discovery Materials") in the above-referenced actions (the "Related Actions"), including documents from the files of Refco Inc. and those of its direct and indirect subsidiaries that filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Refco Debtors") which are being made available for inspection and copying by the Trustee of the Refco Litigation Trust (the "Trustee").[2] In order to expedite the production of documents and materials maintained by the Refco Debtors (the "Refco Debtor Discovery Materials),[3] the parties hereby stipulate and agree to the additional procedures set forth below governing the disclosure of the Refco Debtor Discovery Materials.

---

[1]    The inclusion at this time of parties to the action captioned *Kirschner v. Grant Thornton LLP et al.* No. 07 Civ. 5306 (the "Illinois Action") to this Stipulation and Order is voluntary and without prejudice to the rights of any such party including, but not limited to, the Litigation Trustee's motion to remand the Illinois Action to state court. This Stipulation and Order also shall not prejudice the PAT Trustee's motion to remand the action captioned *Kirschner v. Bennett et al.* No. 07 Civ. 8165 (GEL) to New York state court.

[2]    As used herein, "Refco Debtors" shall have the same meaning ascribed to it in the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries, as approved by the United States Bankruptcy Court for the Southern District of New York in December 2006, except that as used in this Stipulation and Order, "Refco Debtors" will also include Refco Capital Markets, Ltd. ("RCM").

[3]    Refco Debtor Discovery Materials include: (a) electronic documents (the "Refco Debtor Electronic Documents") and hard copy files that were collected from Refco at around the time the Refco Debtors filed for bankruptcy, and (b) Refco hard copy documents created on or before October 17, 2007, which documents are currently maintained in storage facilities (the "Refco Debtor Hard Copy Documents"). Refco Debtor Discovery Materials may include documents or materials belonging to Refco entities that did not file for relief under the Bankruptcy Code (the "Refco Non-Debtors") over which the Trustee does not have authority or control.

1.    When used in this Stipulation and Order, the word "document" shall have the meaning under Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Courts for the Eastern and Southern Districts of New York, and shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies, duplicates, or abstracts thereof, including, but not limited to, notes on documents. A party, person, or entity that produces or discloses Discovery Materials in connection with the Related Actions shall be referred to herein as the "Disclosing Party."

2.    All Discovery Materials produced or disclosed in the Related Actions shall be used solely for the prosecution or the defense (including any appeal therefrom) of such actions, or any other action which the Court has directed, or the parties hereto have agreed, should have coordinated discovery with the Related Actions, and shall not be used for any other purpose. Any person or entity in possession of Confidential Discovery Materials (as defined below) shall maintain those materials in a reasonably secure manner so that they are not further disclosed or used in any manner inconsistent with this Stipulation and Order.

3.    Except for Refco Debtor Discovery Materials, any Discovery Materials produced or disclosed in connection with the Related Actions by a Disclosing Party that the Disclosing Party in good faith believes to constitute, include, contain, refer or relate to either: (1) trade secret or other confidential research, development, financial, proprietary or commercial information that may be subject to a protective order under F.R.C.P. 26(c)(7); or (2) confidential, non-public personal information concerning individuals such as, without limitation, social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, credit, and banking information, may be designated "Confidential" by the Disclosing Party. Except as provided for in paragraph 4 below, the designation by any

2

Disclosing Party of Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has actually been reviewed by an attorney for the Disclosing Party and that there is a good faith basis for such designation. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials."

4.  Given the volume of Refco Debtor Discovery Materials, the parties agree that to expedite production, neither the Trustee nor any other custodian of Refco Debtor Discovery Materials shall be required to (a) assess whether a specific document within the Refco Debtor Discovery Materials should be designated as "Confidential" at or prior to the time those materials are made available to the parties, or (b) to mark the Refco Debtor Discovery Materials (by stamping or otherwise) as "Confidential." Trustee's counsel will instead designate as "Confidential" categories of documents within the Refco Debtor Discovery Materials that the Trustee's counsel believes in good faith will likely constitute, include, contain, refer or relate to either: (1) trade secret or other confidential research, development, financial, proprietary or commercial information that may be subject to a protective order under F.R.C.P. 26(c)(7) including, but not limited to, information relating to former Refco employees or customers; or (2) confidential, non-public personal information concerning individuals including, but not limited to, information relating to former Refco employees or customers. Trustee's counsel may also designate specific documents as "Confidential." All documents and categories of documents designated as "Confidential" by Trustee's counsel shall be Confidential Discovery Materials for the purposes of this Order.

5.  The following categories of Refco Debtor Discovery Materials – which designation is not to the exclusion of any other categories of documents that Trustee's counsel

3

may designate as "Confidential" – are hereby designated "Confidential" and shall be treated as such in accordance with the terms of this Order:

>
> (a) non-public personal information concerning Refco employees or customers of Refco including, without limitation, social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, credit, and banking information; and
>
> (b) account opening documents, customer statements or other documentation issued to, or submitted by, customers of any Refco entity, including but not limited to daily and monthly statements issued to customers of Refco Capital Markets, Ltd. ("RCM"), that reflect the trading strategy of any customer.

6. Trustee's counsel shall give notice of any additional "Confidential" designations as soon as reasonably practical after Trustee's counsel becomes aware of a specific document or category of Refco Debtor Discovery Materials that Trustee's counsel believes in good faith likely contains confidential information as described in paragraph 3 herein. Trustee's counsel shall use their best efforts to describe any additional category of documents to be treated as "Confidential" with sufficient specificity such that a party can reasonably determine whether a particular document should be considered "Confidential" or not. To the extent a party believes the description of a category of confidential Refco Debtor Discovery Materials is not sufficiently specific, Trustee's counsel will confer in good faith with the party to refine the description. Following this meet and confer, should a party continue to believe that the description of a category is not sufficiently specific, the party shall submit the issue to the Court under the procedure set forth in paragraph 23 below. All parties undertake to use their good faith judgment in determining whether specific Refco Debtor Discovery Materials fall within a category designated Confidential by the Trustee and should properly be afforded treatment as Confidential. To the extent a party is unsure whether specific Refco Debtor Discovery Materials fall into a category of documents that have been designated "Confidential" by the Trustee, the

4

party may, but shall not be required to, provide a list of any such materials to the Trustee's counsel and Trustee's counsel shall, within fourteen (14) days, advise the inquiring party in writing whether or not the materials are designated "Confidential."

7.      The Court recognizes that the method of designating Refco Debtor Discovery Materials as Confidential is necessary and reasonable in the circumstances. Accordingly, any person seeking relief from the Trustee for any failure to designate a category of Refco Debtor Discovery Materials as Confidential, or relief from any party to this agreement for any alleged failure to treat a specific Refco Debtor document as Confidential, has the burden of demonstrating that the failure to designate or the failure to treat the document as Confidential was unreasonable and lacking in good faith.

8.      If Trustee's counsel gives notice that certain additional categories Refco Debtor Discovery Materials or specific Refco Debtor documents are designated "Confidential," all such additional documents, materials or testimony so designated shall be subject to this Stipulation and Order as if they had been initially designated as Confidential to the extent that such documents, materials or testimony fall within the definition of Confidential Discovery Materials, provided, however, that the foregoing provision shall not apply to any documents that had already otherwise become publicly available.

9.      The Parties agree that the designation of any Discovery Material as Confidential is not intended to be, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible in any of the Related Actions, or reasonably calculated to lead to the discovery of admissible evidence.

10.     Any party receiving Confidential Discovery Materials may disclose or make available such information only to the following persons:

5

(a)    the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(b)    the named parties in the Related Actions (including in-house counsel, officers, directors and employees of the named parties who are involved in the management of the Related Actions and solely for the purpose of the prosecution, defense or resolution of such actions);

(c)    outside counsel for the named parties for the purpose of the prosecution, defense or resolution of the Related Actions;

(d)    professional court reporters, stenographers or video operators transcribing depositions or testimony in the Related Actions;

(e)    persons who are indicated on the face of the document to have been authors or recipients of the Confidential Discovery Materials;

(f)    any outside expert, advisor or consultant retained by any named party in connection with the Related Actions;

(g)    any person who is a fact witness or potential fact witness (and counsel for such witness) to the extent reasonably necessary in connection with their testimony in the Related Actions or the preparation thereof; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

(h)    outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in the Related Actions and computer personnel performing duties in relation to a computerized litigation system;

6

(i)     any mediator or arbitrator engaged by the named parties in connection with the Related Actions; and

(j)     other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

The terms "counsel," "expert," "advisor," and "investigator" include their staff who are assigned to and necessary to assist such counsel, expert, advisor or investigator in connection with the Related Actions.

11.     Each party agrees that any documents they produced with a designation of "Confidential" or "Highly Confidential" pursuant to the First Amended Protective Order Governing the Production and Use of Confidential Material entered ordered by Judge Drain on March 19, 2007 (the "Rule 2004 Amended Discovery Protective Order"), and all "Underwriter Rule 2004 Documents" as defined in, and produced pursuant to, the Supplemental Confidentiality Stipulation and Order Governing Production, Review and Handling of Underwriter Documents ordered by Judge Drain on June 14, 2007, shall be considered Confidential Discovery Material hereunder and treated as such for all purposes. Any documents produced without a confidential designation pursuant to the Rule 2004 Discovery Protective Order shall be treated as Discovery Material hereunder and treated as such for all purposes.

12.     Except in the case of Refco Debtor Discovery Materials, the Confidential designation set forth in paragraph 3 of this Stipulation and Order may be made at or prior to the time of production of documents by stamping or otherwise marking the Discovery Materials as "Confidential" on each page of the Confidential Discovery Materials to be deemed Confidential, or, in the case of depositions, as provided in paragraph 18 below. When Confidential Discovery Materials are disclosed in a form not appropriate for such placing or affixing, they shall be

7

designated in writing as Confidential at the time they are delivered to the receiving party, except

in the case of the Refco Debtor Discovery Materials, which shall be designated confidential in

the manner set forth in paragraph 4 of this Stipulation and Order.

13.    Inadvertent failure to designate materials as Confidential at the time of

production may be remedied by supplemental written notice by the Disclosing Party.  If such

notice is given, all documents, materials or testimony so designated shall be subject to this

Stipulation and Order as if they had been initially designated as Confidential to the extent that

such documents, materials or testimony fall within the definition of Confidential Discovery

Materials, provided, however, that the foregoing provision shall not apply to any documents that

had already otherwise become publicly available.

14.    In producing and making the Refco Debtor Discovery Materials available

for inspection and copying, or authorizing the production of documents held by former counsel

to Refco relating to their representation of Refco and its affiliates, the Trustee does not waive: (a)

any claim of privilege that a Refco Non-Debtor could assert over a Refco Non-Debtor document

that is maintained in the Refco Debtor Discovery Materials ("Refco Non-Debtor Privilege"); or

(b) any claim of privilege in connection with litigations involving any Refco entity that was

pending as of October 9, 2005 (the "Open Litigation Privilege").  The parties agree that

production and disclosure of the Refco Debtor Discovery Materials – whether produced by the

Trustee or produced by any other custodians of such documents, including former counsel to

Refco – shall, in no circumstance or eventuality, result in any waiver of the Refco Non-Debtor

Privilege or Open Litigation Privilege.

15.    Counsel for the Trustee will advise the parties in writing in a timely

manner of any documents have been produced for inspection and copying (either by the Trustee

8

or by another custodian of Refco Debtor Discovery Materials) that the Trustee believes, or comes to believe, are subject to the Refco Non-Debtor Privilege or Open Litigation Privilege. To the extent that any party obtaining access to the Refco Debtor Discovery Materials believes, that a particular document appears reasonably likely to contain information that is subject to a claim of Refco Non-Debtor Privilege or Open Litigation Privilege the party will inform Trustee's counsel. Trustee's counsel will review the document(s) and, if the Trustee determines to assert a claim of privilege, the Trustee and the parties will follow the procedures for inadvertent disclosure set forth below in paragraphs 16-17.

16.     Any inadvertent or mistaken production of material that a Disclosing Party claims is subject to the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, or any other privilege or protection from disclosure shall not operate to waive such privilege or protection from disclosure. Within five (5) business days of learning that a document subject to the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, or any other privilege or protection from disclosure has been inadvertently or mistakenly produced, the Disclosing Party shall notify the party or parties to whom the document was produced in writing of the fact of inadvertent disclosure, the date inadvertent disclosure was first discovered, and the circumstances surrounding that discovery. Within five (5) business days of receiving such written notice, the party or parties to whom the document was produced shall either: i) notify the undersigned counsel for the Disclosing Party in writing of an objection to the designation of such material as privileged, or ii) return all copies of such discovery material to the undersigned counsel for the Disclosing Party. A party's election to return the Discovery Material in accordance with this paragraph shall be without prejudice to that party's right to challenge, at a later date, the claim of

9

privilege with respect to such Discovery Material. If, at any time, a party notifies counsel for a Disclosing Party in writing of an objection to a claim of privilege with respect to a document that was inadvertently produced, then within seven (7) calendar days of the receipt of such notification, counsel for the Disclosing Party and the objecting party or parties shall meet-and-confer in an effort to resolve any disagreement regarding the Disclosing Party's claim of privilege. If, for whatever reason, the parties do not resolve their disagreement within that time period, the dispute shall be submitted to the Court for resolution in accordance with the procedure set forth in paragraph 23 below.

17.    Upon receiving written notice of inadvertent disclosure from a Disclosing Party, the party or parties to whom the document was produced shall not thereafter use that discovery material or the information contained therein for any purpose, unless and until (a) the designation of privilege is deemed lifted pursuant to paragraph 23 below, or (b) the Court determines either that the document is not protected from disclosure or that any such protection was waived.

18.    A Disclosing Party may designate as Confidential any portion of a deposition transcript deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material either orally at the deposition or in writing no later than fifteen (15) calendar days after receipt of a deposition transcript. During such fifteen-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions thereof designated as such. At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Discovery Material. Copies of the

10

transcript for counsel's use may contain both the Confidential testimony and other testimony in a single volume.

19.    All non-parties, and their employees, to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 10(f) or 10(g) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order and that the Confidential Discovery Materials are being disclosed pursuant to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.  All such persons shall be required to execute a certification evidencing agreement with the terms of the Stipulation and Order in the form attached as Exhibit A, which shall be retained by counsel for the party who provided the Discovery Materials to such persons.

20.    In the event that counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Materials, information derived therefrom, or any papers containing or making reference to such information, the pages containing such Confidential Discovery Materials shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the relevant action and which shall clearly bear the stamp "CONFIDENTIAL."  All materials filed under seal shall be available to the Court and to counsel for the parties to the Related Actions for viewing and/or copying.  Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential and need not be preserved under seal.  Redacted pages shall be filed in the public record.

21.    If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the

11

subpoena is directed, to the extent permitted by law, shall promptly give written notice to the

Disclosing Party and include with such notice a copy of the subpoena or request. The person to

whom the subpoena is directed also shall make all reasonable good faith efforts to provide the

Disclosing Party a reasonable period of time (in no event less than ten (10) business days) in

which to seek to quash the subpoena, or to move for any protection for the Discovery Materials,

before the person to whom the subpoena is directed takes any action to comply with the

subpoena.

22.    No party shall be obligated to challenge the propriety of a designation of

Discovery Materials as Confidential when initially received, and a failure to do so shall not

preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of

Discovery Materials as Confidential (including any designations with respect to the Refco

Debtor Discovery Materials made by the Trustee) under this Stipulation and Order, the objecting

party shall notify the Disclosing Party in writing. Within seven (7) calendar days of the receipt

of such notification, counsel for the Disclosing Party and the objecting party shall meet-and-

confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of

the Discovery Materials as Confidential. If, for whatever reason, the parties do not resolve their

disagreement within that time period, the parties shall submit their dispute to the Court for

resolution in accordance with the procedures set forth in paragraph 23 below. While any such

application is pending, the documents or materials subject to that application will be treated as

Confidential until the Court rules. Nothing in this Stipulation and Order shall be construed as

preventing any party from objecting to the designation of any documents as Confidential or

preventing any party from seeking further protection for any material it produces in discovery.

12

23.     In the event of a dispute regarding the propriety of a Disclosing Party's (a) designation of particular Discovery Materials as "Confidential" (including materials designated Confidential pursuant to the Rule 2004 Amended Discovery Protective Order or Underwriter Rule 2004 Documents), or (b) assertion of a privilege with respect to inadvertently produced documents, which dispute is not resolved through the meet-and-confer described in paragraphs 16 or 22, the dispute shall be submitted to the Court for resolution as follows: Within fifteen (15) calendar days after the meet-and-confer, or by such other deadline as may be agreed to in writing by the Disclosing Party, the party objecting to the claim of privilege or confidentiality shall provide counsel for the Disclosing Party with a draft of a joint letter to the Court which sets forth the objecting party's position regarding the dispute. Within seven (7) business days after receipt of that draft letter, or by such other deadline as may be agreed to in writing by the objecting party, the Disclosing Party shall provide counsel for the objecting party with an insert for the letter, in electronic format, which sets forth the Disclosing Party's position. If the Disclosing Party fails to provide the insert within the time period prescribed in this paragraph, the designation of the Discovery Materials as "Confidential" or privileged shall be deemed lifted. Nothing herein shall be deemed to change the burdens of proof established by applicable law.

24.     In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is actually discovered by the receiving party, all copies of the document shall be treated as "Confidential."

25.     The terms of this Stipulation and Order shall remain in full force and effect until the final resolution of each and every one of the Related Actions, that is until all appeals involving the Related Actions have been exhausted, the time to appeal in each of the

13

Related Actions has expired, or the parties in each of the Related Actions have reached a final, court-approved settlement of all pending claims between them ("Final Resolution"). The resolution of any individual action shall not relieve the parties of their responsibilities and obligations under this Stipulation and Order. Upon Final Resolution, all recipients of Confidential Discovery Materials shall either (a) use commercially reasonable efforts to destroy such materials and provide a certification to the Disclosing Party stating that the Disclosing Party's documents have been destroyed; or (b) return such materials to the Disclosing Party at the Disclosing Party's request. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits and other court filings, or attorney work product, correspondence, transcripts or Court opinions and orders (although the restrictions imposed herein continue to apply to such retained documents).

26.    This Stipulation and Order shall not be construed to affect in any way the admissibility of any document, testimony or other evidence at any trial or hearing of the Related Actions.

27.    Each party shall have the responsibility, through counsel, to promptly advise the Disclosing Party of any losses or compromises of the confidentiality of information or documents governed by this Stipulation and Order. It shall be the responsibility of the party that lost or compromised the Confidential Discovery Materials to take reasonable measures to limit the loss or unauthorized disclosure.

28.    Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information that have been designated as Confidential pursuant to this Stipulation and Order. In addition, nothing in

14

this Stipulation and Order shall prevent or in any way limit disclosure, use or dissemination of any documents, information or material that:

(a)     was, is or becomes public knowledge, not in breach of this Stipulation and Order; or

(b)     was acquired by a party from a non-party having the right to disclose such information or material or was learned by a party as a result of that party's own independent efforts, investigation or inquiry.

29.     This Stipulation and Order shall not prejudice in any way the rights of any party to introduce into evidence at any trial of the Related Actions any document, testimony or other evidence subject to this Stipulation and Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order.

30.     Any non-party producing Discovery Materials in the Related Actions may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties. The parties to the Related Actions may designate Discovery Materials produced by other parties or non-parties as Confidential in accordance and consistent with the terms and provisions of this Stipulation and Order.

31.     In the event that additional persons become parties to the Related Actions, or in the event additional related cases are commenced, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the new parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

15

32. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

33. This Stipulation and Order supersedes in its entirety the Stipulation and Order previously entered into in *In re Refco, Inc. Securities Litigation*, 05 Civ. 8626 (GEL), as so ordered by the Court on July 23, 2007 (the "July Order"). The addition to this Stipulation and Order of provisions related to the production of Refco Debtor Discovery Materials shall not raise any inference adverse to the rights of the initial parties to the July Order.


DONE and ORDERED
this __18th__ day of __June__ 2008.


GERARD E. LYNCH
United States District Judge

16

**Consented and agreed to by:**

Scott Edelman
Sander Bak
**Milbank, Tweed, Hadley & McCloy LLP**
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000
(212) 530-5219 (facsimile)
*Counsel to Marc Kirschner as Trustee of the*
*Refco Litigation Trust and Refco Private*
*Actions Trust*

**BAKER & HOSTETLER LLP**

By _____
Ona T. Wang (OW-5462)
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
-and-
Helen B. Kim (HK-8757)
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
(310) 820-8800

*Counsel for Defendant Dennis A. Klejna*

Michael Carlinsky
Sascha Rand
**Quinn Emanuel Urquhart Oliver &**
**Hedges, LLP**
51 Madison Avenue 22nd Floor
New York, New York 10010
(212) 849-7000
(212) 849-7100 (facsimile)
*Counsel to Marc Kirschner as Trustee of the*
*Refco Litigation Trust and Refco Private*
*Actions Trust*

Neil A. Goteiner
**FARELLA BRAUN + MARTEL LLP**
235 Montgomery Street, 18th Floor
San Francisco, CA 94104
(415) 954-4400
(415) 954-4480 (facsimile)

*Counsel to Attorneys for defendants Sukhmeet*
*"Micky" Dhillon, The MSD Family*
*Trust, and Eric Lipoff*

17

**Exhibit A**

| | |
|---|---|
| This Document Relates To:<br><br>In re REFCO, INC. SECURITIES LITIGATION | 05 Civ. 8626 (GEL) |
| AMERICAN FINANCIAL INTERNATIONAL<br>GROUP- ASIA, LLC, et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>        Defendants. | 05 Civ. 8988 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>        Defendants. | 05 Civ. 9608 (GEL) |

[Caption continued on next page]

18

In re REFCO CAPITAL MARKETS, LTD.
BROKERAGE CUSTOMER SECURITIES
LITIGATION

06 Civ. 643 (GEL)

THOMAS H. LEE EQUITY FUND V, L.P., et al.,

                Plaintiffs,

    vs.

MAYER BROWN ROWE & MAW LLP, et al.,

                    Defendants.

07 Civ. 6767 (GEL)

THOMAS H. LEE EQUITY FUND V, L.P., et al.,

                Plaintiffs,

    vs.

GRANT THORNTON LLP,

                Defendants.

07 Civ. 8663 (GEL)

AXIS REINSURANCE COMPANY,

                Plaintiffs,

    vs.

PHILLIP R. BENNETT, et al.,

                    Defendants.

07 Civ. 7924 (GEL)

[Caption continued on next page]

19

| | |
|---|---|
| In re REFCO, INC. | 07 Civ. 9420 (GEL) |

| | |
|---|---|
| VR GLOBAL PARTNERS, L.P., et al., | |
| Plaintiffs, | 07 Civ. 8686 (GEL) |
| vs. | |
| PHILLIP R. BENNETT, et al., | |
| Defendants. | |

| | |
|---|---|
| CAPITAL MANAGEMENT SELECT FUND LTD., et al., | |
| Plaintiffs, | 07 Civ. 8688 (GEL) |
| vs. | |
| PHILLIP R. BENNETT, et al., | |
| Defendants. | |

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust, | |
| Plaintiffs, | 07 Civ. 7074(GEL) |
| vs. | |
| THOMAS H. LEE PARTNERS, L.P., et al., | |
| Defendants. | |

[Caption continued on next page]

20

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Private Action Trust, <br><br>　　　　　　　　　Plaintiffs, <br><br>　　vs. <br><br>PHILLIP R. BENNETT, et al., <br><br>　　　　　　　　　　　　Defendants. | 07 Civ. 8165 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust, <br><br>　　　　　　　　　Plaintiffs, <br><br>　　vs. <br><br>THOMAS HACKL, et al., <br><br>　　　　　　　　　Defendants. | 07 Civ. 9238 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust, <br><br>　　　　　　　　　Plaintiffs, <br><br>　　vs. <br><br>GRANT THORNTON, LLP, et al., <br><br>　　　　　　　　　Defendants. | 07 Civ. 5306 (JFH) |

## CERTIFICATION CONCERNING CONFIDENTIAL MATERIAL
## COVERED BY STIPULATION AND ORDER

I, Neil A. Goteiner, declare that:

　　　1.　　　1 have received a copy of the Stipulation and Order in the Related Actions, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in the Stipulation and Order as permitted access to information designated "Confidential" by a Disclosing Party.

21

2.      I will comply with all of the provisions of the Stipulation and Order.  I will hold in

confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation

and Order, and will not copy or use for purposes other than for the Related Actions any information

designated "Confidential" that I receive in the Related Actions, except to the extent that such information

designated "Confidential" is or becomes public domain information or otherwise is not deemed

"Confidential" in accordance with the Stipulation and Order.

3.      I agree to subject myself personally to the jurisdiction of the Court for the purpose of

proceedings relating to my performance under, compliance with, or violation of this Stipulation and

Order.

4.      I understand that disclosure of information designated "Confidential" in violation of this

Stipulation and Order may constitute contempt of court.

5.      I declare under penalty of perjury that the foregoing is true and correct.

5/30/08
_____
Date

_____
Signature

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, I electronically filed the foregoing **Amended Stipulation and Agreed Confidentiality Order** by submitting it in PDF format via email to the Orders and Judgment Clerk at judgments@nysd.uscourts.gov. The Court sent notification of such filing to all counsel of record.


                                                  /s/ Neil A. Goteiner